UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James L. Ward,<br><br>    PLAINTIFF<br><br>v.<br><br>Greenwood County Detention Center,<br><br>    DEFENDANT | Case No. 2:22-cv-3179-TLW<br><br>**ORDER** |

    This is a *pro se* action brought by Plaintiff James L. Ward pursuant to 42 U.S.C. § 1983 against. ECF No. 1. Plaintiff filed his complaint on September 21, 2022, against the above-named Defendant. *Id.* "[T]he crux of this case appears to be purported unsafe sleeping conditions at Greenwood County Detention Center that led to Plaintiff failing out of his bunkbed and fracturing his L5 vertebrae." ECF No. 4 at 2. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Mary Gordon Baker. ECF No. 10. No objections have been filed to the Report and the December 29, 2022 deadline for filing them has now expired. This matter is therefore ripe for the Court's review.

    Prior to issuing the instant Report, the magistrate judge reviewed Plaintiff's complaint and issued a proper form order notifying him that his complaint as pled was subject to dismissal for failure to state a claim. ECF No. 4. Specifically, the magistrate judge informed Plaintiff that "The Greenwood County Detention Center is not a 'person' amendable to suit under the statute . . . . Consequently, the current Complaint fails to name a defendant amenable to suit for purposes of § 1983 and is

subject to summary dismissal." *Id.* at 2. After identifying these deficiencies, the magistrate judge gave Plaintiff 21 days to file an amended complaint. *Id.*

Plaintiff filed an amended complaint on November 2, 2022. ECF No. 8. This complaint, though, did not cure any of the deficiencies in the original complaint because the Greenwood County Detention Center remained the sole named defendant. *Id.* Additionally, Plaintiff filed incomplete proposed service documents which again only listed the Greenwood County Detention Center as a named defendant. ECF No. 9.

On December 15, 2022, the magistrate judge issued the instant Report recommends that the Court summarily dismiss Plaintiff's complaint for failure to state a claim. ECF No. 10 at 6. The basis being that "inanimate objects such as buildings, facilities, and grounds are not 'persons' and do not act under color of state law for purposes of § 1983." *Id.* at 5. Accordingly, the Report found that "Plaintiff has failed to name a defendant amendable to suit under § 1983, and his claims are therefore subject to summary dismissal for failure to state a claim upon which relief may be granted." *Id.* at 6.

As noted above, Plaintiff has not filed objections. The Court is charged with a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound

by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed Plaintiff's complaint, the Report, and other relevant filings. The Court concludes that Plaintiff has failed to state a claim pursuant to § 1983 because the Greenville County Detention Center is not a "person" amenable to suit under that statute. For the reasons stated by the magistrate judge, the Report, ECF No. 10, is **ACCEPTED** and Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

       *s/Terry L. Wooten*
Senior United States District Judge

March 31, 2023
Columbia, South Carolina